UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Peter St. Laurent<br>    Plaintiff<br><br>v.<br><br>UNITED PARCEL SERVICE, INC.<br>    Defendant | 04-11951-NG |

## ANSWER OF UNITED PARCEL SERVICE INC. TO PLAINTIFF'S COMPLAINT

United Parcel Service Inc. ("UPS") responds to the Plaintiff, Peter St. Laurent's Complaint as follows:

1. UPS is without sufficient information to admit or deny the allegations contained in paragraph one.

2. UPS is a corporation organized under the laws of New York. UPS admits that it operates a package distribution center located at 1045 University Avenue, Norwood, Massachusetts. UPS denies any other remaining allegations.

3. UPS is without sufficient information to admit or deny the allegations contained in paragraph two.

4. UPS admits the allegations contained in paragraph four.

5. UPS is a worldwide package delivery company, with a large number of employees in the United States.

6. UPS admits that as a driver, Mr. St. Laurent was required to deliver packages that range from the size and weight of an envelope to over 100 pounds.

7. UPS denies the allegations contained in paragraph seven.

8. UPS admits the allegations contained in paragraph eight.

9. UPS denies the allegations contained in paragraph nine.

10. UPS denies the allegations contained in paragraph ten.

11. UPS denies the allegations contained in paragraph eleven.

12. UPS denies the allegations contained in paragraph twelve.

13. UPS denies the allegations contained in paragraph thirteen.

14. UPS admits that on November 13, 2000, Mr. St. Laurent suffered a work-related back injury when he leaned over to pick up his keys and strained his back. UPS further admits that Mr. St. Laurent returned to work on approximately December 11, 2000 after this injury. UPS denies the allegation that at no time did UPS require Mr. St. Laurent to be examined by a company doctor prior to this return.

15. UPS admits the allegations contained in paragraph fifteen.

16. UPS admits that Liberty Mutual Insurance Company is its workers' compensation insurance carrier. UPS is without sufficient information to admit or deny the remaining allegations contained in this paragraph.

17. UPS denies the allegations contained in this paragraph.

18. UPS denies that St. Laurent was only able to work a few days before leaving work again due to back pain. UPS admits that Mr. St. Laurent left work on March 26, 2001 due to his work-related back injury. UPS is without sufficient information to admit or deny the remaining allegations in paragraph eighteen.

19. UPS admits that on or about May 22, 2001, Dr. Yablon examined Mr. St. Laurent. This examination was performed pursuant to a request that was made by Liberty Mutual Insurance Company, UPS' workers' compensation carrier.

20. UPS is without sufficient information to admit or deny the allegations contained in paragraph twenty.

21. UPS admits that on or about May 22, 2001, Dr. Yablon examined Mr. St. Laurent. UPS further admits that Dr. Yablon states in his report that Mr. St. Laurent should be restricted from lifting anything more than twenty five pounds. UPS is without sufficient information to admit or deny the remaining allegations contained in this paragraph.

22. UPS is without sufficient information to admit or deny the allegations contained in paragraph twenty-two.

23. UPS denies that Mr. St. Laurent's back strain was fully healed. UPS admits that on or about May 25, 2001, Mr. St. Laurent's treating doctor signed a letter releasing Mr. St. Laurent for work beginning on or about May 29, 2001. UPS admits that the letter did not indicate that there were any restrictions. UPS denies any remaining allegations contained in paragraph twenty-three.

24. UPS admits the allegations contained in paragraph twenty-four.

25. UPS admits the allegations contained in paragraph twenty-five.

26. UPS admits the allegations contained in paragraph twenty-six.

27. UPS admits that Mr. St. Laurent was given a choice of doctors. UPS is without sufficient information to admit or deny the remaining allegations contained in paragraph twenty-seven.

28. UPS admits that Mr. St. Laurent was given a choice of doctors. UPS is without sufficient information to admit or deny the remaining allegations contained in paragraph twenty-eight.

29. UPS is without sufficient information to admit or deny the remaining allegations contained in paragraph twenty-nine.

30. UPS is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty.

31. UPS admits that Mr. St. Laurent was given a choice of doctors and that Mr. St. Laurent selected Dr. Nason Burden.

32. UPS admits that Mr. St. Laurent was examined by Dr. Burden on or about October 12, 2001. UPS is without sufficient information to admit or deny the remaining allegations contained in paragraph thirty-two.

33. UPS is without sufficient information to admit or deny the allegations contained in paragraph thirty-three.

34. UPS admits the allegations contained in paragraph thirty-four.

35. UPS admits the allegations contained in paragraph thirty-five.

36. UPS denies that Dr. Burden opined that Mr. St. Laurent could work. UPS admits that Dr. Burden wrote in his report that "a better effective work effort would be expected if he had some restrictions on lifting heavy weights, particularly in a repeated manner or such as is exerted on the lower back with torque twisting function when loaded."

37. UPS admits that on November 9, 2001, Dr. Burden authored an addendum to his October 18, 2001 report. UPS admits that Dr. Burden states in his report that "it is the opinion of this examiner that this worker would be an adequate performer if consideration

were given to his degree of repetition of lifting on the job requirement description of seventy pounds and the occasional lifting in moving up to one hundred fifty pounds." UPS denies any other allegations contained in paragraph thirty-seven.

38. UPS admits that it refused to allowed Mr. St. Laurent to return to work. UPS denies any remaining allegations contained in paragraph thirty-eight.

39. UPS admits that on or about November 27, 2001, Mr. St. Laurent filed a charge with the Massachusetts Commission Against Discrimination, alleging that UPS discriminated against him when it refused to allow him to return to work. UPS denies the remaining allegations contained in this paragraph.

40. UPS admits the allegations contained in paragraph forty.

41. UPS is without sufficient information to admit or deny the allegations contained in paragraph forty-one.

42. UPS admits the allegations contained in paragraph forty-two.

43. UPS admits the allegations contained in paragraph forty-three.

44. UPS admits that Dr. Naparstek opined that Mr. St. Laurent was not fit for duty at the time and that he pursue an aggressive and supervised training program on his own. UPS further admits that Dr. Naparstek recommended that following a three to four week training period, a full and thorough functional capacity evaluation be performed. UPS denies any other allegations contained in paragraph forty-four.

45. UPS admits that on October 9, 2002, Mr. St. Laurent took a functional capacity examination. UPS is without sufficient information to admit or deny any remaining allegations contained in paragraph forty-five.

46. UPS admits that on or about October 9, 2002, Mr. St. Laurent undertook a functional capacity examination. UPS further admits that the report states that lifting 70 pounds, two person lift of 150 pounds, as well as pushing, pulling and maneuvering a pallet jacket weighing 250 pounds was simulated. UPS is without sufficient information to admit or deny any remaining allegations contained in paragraph forty-six.

47. UPS admits that Mr. St. Laurent returned to work in October of 2002. UPS denies the remaining allegations contained in paragraph forty-seven.

48. UPS is without sufficient information to admit or deny the allegations contained in paragraph forty-eight.

## COUNT I

49. UPS incorporates by reference its answers to paragraphs 1-48.

50. UPS denies the allegations contained in paragraph fifty.

51. UPS denies the allegations contained in paragraph fifty-one.

## FIRST AFFIRMATIVE DEFENSE

Mr. St. Laurent has failed to mitigate his damages.

## SECOND AFFIRMATIVE DEFENSE

Mr. St. Laurent's claims should be dismissed on the grounds that the applicable statute of limitations bar these claims.

## THIRD AFFIRMATIVE DEFENSE

Mr. St. Laurent's failure to accommodate claim should be dismissed on the grounds that he has failed to exhaust his administrative requirements prior to filing this claim.

WHEREFORE, UPS requests that the Court dismiss Mr. St. Laurent's Complaint in its entirety with prejudice and award UPS fees and costs for defending this action, along with other such relief as the Court may deem appropriate.

Certificate of Service
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand
Date: 9/14/02

United Parcel Service Inc.
By its attorneys

*/s/ Laurie Alexander-Krom*

Hugh F. Murray, III, BBO# 557175
Laurie Alexander-Krom, BBO# 637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

Date: September 14, 2004

7