Commonwealth of Massachusetts
BRISTOL SUPERIOR COURT
Case Summary
Civil Docket

MAS-20040909
aguiarka

## BRCV2004-00552
## St. Laurent v United Parcel Service

| | | | | |
|---|---|---|---|---|
| File Date | 05/21/2004 | Status | Disposed: transfered to other court (dtrans) | |
| | | Session | C - CtRm Main - (Taunton) | |
| Status Date | 09/20/2004 | Case Type | B22 - Employment Discrimination | |
| Origin | 1 | Track | F | |
| Lead Case | | | | |

| | | | | | |
|---|---|---|---|---|---|
| | | Answer | 10/18/2004 | Rule12/19/20 | 10/18/2004 |
| | | | | Rule 56 | 04/16/2005 |
| Service | 08/19/2004 | Discovery | 03/17/2005 | Jury Trial | Yes |
| Rule 15 | 10/18/2004 | Disposition | 07/15/2005 | | |
| Final PTC | 05/16/2005 | | | | |

### PARTIES

**Plaintiff**
Peter St. Laurent
164 Elm Street
North Attleboro, MA 02760
Active 05/21/2004

**Private Counsel 636099**
Seth J. Elin
Keches & Mallen
122 Dean Street
Taunton, MA 02780
Phone: 508-822-2000
Active 05/21/2004 Notify

**Defendant**
United Parcel Service
c/o CT Corporation System
101 Federal Street
Boston, MA 02110
Served: 08/10/2004
Served (answr pending) 08/19/2004

**Private Counsel 557175**
Hugh F Murray III
Murtha Cullina LLP
99 High Street
20th Floor
Boston, MA 02110-2320
Phone: 617-457-4000
Fax: 617-482-3868
Active 09/13/2004 Notify

**Private Counsel 637385**
Laurie Alexander-Krom
Murtha Cullina LLP
99 High Street
20th Floor
Boston, MA 02110-2320
Phone: 617-457-4000
Fax: 617-482-3868
Active 09/13/2004 Notify

**Other interested party**
FILE COPY
Active 05/21/2004 Notify

### ENTRIES

| Date | Paper | Text |
|---|---|---|
| 05/21/2004 | 1.0 | Complaint & civil action cover sheet filed |
| 05/21/2004 | | Origin 1, Type B22, Track F. |

**Commonwealth of Massachusetts**
**BRISTOL SUPERIOR COURT**
Case Summary
Civil Docket

# BRCV2004-00552
## St. Laurent v United Parcel Service

| Date | Paper | Text |
|------|-------|------|
| 05/24/2004 | | ONE TRIAL review by Clerk, case properly brought in Superior Court in view of damages alleged (21 months of lost wages @ UPS).  (PFL, Asst. Clerk/Magistrate) |
| 08/19/2004 | 2.0 | SERVICE RETURNED (summons): United Parcel Service, service made on August 10, 2004 (agent in charge service: Y. Concepcion, Process Clerk at CT Corporation System) |
| 09/13/2004 | 3.0 | Notice for Removal to the United States District Court filed by United Parcel Service |
| 09/20/2004 | | Case REMOVED this date to US District Court of Massachusetts with 04CV11951NG endorsement thereon. |

### EVENTS

| Date | Session | Event | Result |
|------|---------|-------|--------|
| 05/21/2004 | CtRm Main - (Taunton) | Status: by clerk<br>Initial One-trial Review | Event held as scheduled |

A True Copy By Photostatic Process
Attest:

Asst. Clerk of Courts

#1.

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL SS

SUPERIOR COURT
CIVIL ACTION NO. C04-0555

|  |  |
|---|---|
| Peter St. Laurent,<br>    Plaintiff, | )<br>)<br>)<br>) |
| v. | )<br>) |
| United Parcel Service,<br>    Defendant. | )<br>)<br>) |

**BRISTOL, SS SUPERIOR COURT
FILED**

**MAR 2 1 2004**

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## COMPLAINT

### PARTIES

1. The Plaintiff, Peter St. Laurent ("St. Laurent"), is an individual residing at 164 Elm Street, North Allteboro, Massachusetts 02760, Bristol County.

2. The Defendant, United Parcel Service ("UPS"), is a national Corporation which operates a package distribution center located at 1045 University Avenue, Norwood, Massachusetts.

### FACTS

3. Mr. St. Laurent is 55 years old, has a high school degree, and is married with four children.

4. Mr. St. Laurent began working at UPS in approximately 1974 as a package delivery man, also known as a driver.

5. UPS is a multi-million dollar international company with thousands of employees in the United States.

6. Mr. St. Laurent's job as a driver requires him to deliver packages that range from the size

1

and weight of an envelope to over 100 pounds.

7.   Mr. St. Laurent is not required to lift anything that weighs greater then seventy pounds.

8.   Mr. St. Laurent was required to make numerous stops during the day to pick-up and deliver packages.

9.   Most stops did not require Mr. St. Laurent to lift heavy weights.

10.  The stops that usually had multiple packages for pick-up would have loading bays to make pick-ups easier.

11.  If Mr. St. Laurent is delivering a heavy package, carts are available to help Mr. St. Laurent transport the packages.

12.  The trucks Mr. St. Laurent uses are built in such a way that it is easy to get in and out of the truck, and easy to get packages out of the truck.

13.  Mr. St. Laurent did not repetitively lift packages, as he was typically required to lift a small number of packages at most sites, for a short period, and then would drive to the next site.

14.  On November 13, 2000, Mr. St. Laurent suffered a work-related back injury when he leaned over to pick up his keys and strained his back.  Mr. St. Laurent returned to work on approximately December 11, 2000 after this injury.  At no time did UPS require Mr. St. Laurent to be examined by a company doctor prior to this return.

15.  Mr. St. Laurent continued to work until January of 2001, at which time he aggravated his back and left work.

16.  Mr. St. Laurent received workers' compensation benefits during this period from Liberty Mutual Insurance Company, UPS' workers' compensation insurance carrier.

2

17. On March 26, 2001, Mr. St. Laurent returned to work. Again, he was never required to be examined by a UPS doctor before his return.

18. Mr. St. Laurent was only able to work a few days before leaving work again due to back pain. Mr. St. Laurent left work on March 26, 2001 due to his work-related back injury and again received workers' compensation benefits.

19. On May 22, 2001, UPS' workers' compensation insurance carrier hired Dr. Isadore G. Yablon to examine Mr. St. Laurent.

20. Dr. Yablon is regularly hired by Liberty Mutual Insurance Company, and many other insurance companies to perform medical examinations for insurance companies engaged in workers' compensation litigation.

21. Dr. Yablon examined Mr. St. Laurent for approximately five minutes and concluded that Mr. St. Laurent could work with a 25 pounds lifting restriction. Mr. St. Laurent was never asked to lift anything, and no physical examination took place.

22. Mr. St. Laurent told Mr. Yablon during this examination that his back felt fine.

23. After Mr. St. Laurent's back strain fully healed, on approximately May 25, 2001, Mr. St. Laurent was released to return to work by his treating doctor, without any restrictions.

24. Mr. St. Laurent provided his supervisor at UPS a disability note which cleared him to return to work full duty on May 29, 2001.

25. UPS refused to let Mr. St. Laurent return to work. Instead, it insisted that Mr. St. Laurent be seen by another doctor.

26. UPS allowed numerous employee to return to work in the past by simply accepting a note from their treating doctor. Many times UPS never asked that a second note be obtained

3

by a UPS doctor.

27.    On July 30, 2000, a list of three doctors was provided to Mr. St. Laurent to choose a doctor to examine him.

28.    Mr. St. Laurent chose a doctor on that list, but was instructed that he could not bee seen by that doctor and instead had to see one of the other two.

29.    Mr. St. Laurent inquired as to why he could not see the doctor he chose, but no response was given.

30.    As such, Mr. St. Laurent insisted that he be given a new set of three doctors by UPS.

31.    On September 12, 2001, Mr. St. Laurent was given a new list of doctors and he selected Dr. Nason Burden.

32.    Mr. St. Laurent was examined by Dr. Burden on October 12, 2001.  Liberty Mutual Insurance Company paid for this doctor's examination and Dr. Burden's report was mailed directly to Liberty Mutual.

33.    Dr. Burden did not ask Mr. St. Laurent to lift any weights or perform any functional capacity testing.

34.    After this examination, Dr. Burden noted in his report that Mr. St. Laurent has a "very mild" spinal stenosis, a "minimal" amount of degenerative disc disease, no scar tissue, no pain into his legs, and he "feels good."

35.    After his physical examination, Dr. Burden wrote that Mr. St. Laurent has a "normal range of motion and no objective evidence of any significant lumbo-sacral pathology."

36.    Dr. Burden opined that Mr. St. Laurent could work, but "a better effective work effort

4

would be expected if he had some restrictions on lifting heavy weights, particularly in a repeated manner or such as is exerted on the lower back with torque twisting function when loaded."

37. On November 9, 2001, Dr. Burden authored an addendum clarifying his opinion in his October 18, 2001 report. In this report, Dr. Burden specifically opined that Mr. St. Laurent could return to work at UPS as a driver "if consideration were given to his degree of repetition of lifting on the job requirement description of seventy pounds and the occasional lifting and moving up to one hundred fifty pounds."

38. Despite receiving this report, UPS refused to let Mr. St. Laurent return to work, and refused to engage in any type of discussion regarding what accommodation could be made to allow Mr. St. Laurent to return to work.

39. On November 27, 2001, Mr. St. Laurent filed a charge with the Massachusetts Commission Against Discrimination alleging that UPS was preventing him from working due to his disability, and UPS failed to provide any accommodation allowing Mr. St. Laurent to work.

40. After eight months of litigation, on July 26, 2002, Mr. St. Laurent again went to UPS with another disability note from his treating doctor re-affirming his ability to return to work without any restrictions.

41. Mr. St. Laurent's medical condition did not changed in any way since his release to return to work full duty in May of 2001.

42. Again, UPS refused to allow Mr. St. Laurent return to work and instead scheduled an appointment with a doctor of its choice, Dr. Robert Naparstek.

5

43.    Mr. St. Laurent was examined by Dr. Naperstek on September 11, 2002. Dr. Naperstek advised that Mr. St. Laurent will need to undergo a functional capacity evaluation which will actually test his ability to lift weight.

44.    Finally, Mr. St. Laurent was given the opportunity to prove he could lift the weight required for his job. However, Dr. Naperstek wanted Mr. St. Laurent to take one month to work out in a gym in preparation for the examination, as he had not engaged in any physical activity of almost one and a half years.

45.    Mr. St. Laurent returned to Dr. Naperstek on October 9, 2002 and undertook a functional capacity examination which he passed with ease.

46.    Mr. St. Laurent was able to lift 70 pounds on his own, up to 150 pounds with the assistance of another and up to 250 pounds with a pallet jack.

47.    Finally, UPS allowed Mr. St. Laurent to return to work in October of 2002 and he has worked since without any difficulties.

48.    Mr. St. Laurent satisfied all conditions precedent to the bringing of this cause of action.

## COUNT I -- DISABILITY DISCRIMINATION AGAINST UPS
### VIOLATION OF MASS. GEN. L. CH. 151B

49.    The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 48 above.

50.    Mr. St. Laurent was wrongfully denied the ability to return to work based on his disability, or perceived as disability.

51.    Mr. St. Laurent was discriminated against when the Employer refused to provide a reasonable accommodation, that would have allowed Mr. St. Laurent to return to work.

WHEREFORE, the Plaintiff, Peter St. Laurent, demands judgement against the Defendant UPS in the amount of his damages with interest, plus costs, and statutory reasonable attorney's fees.

## JURY CLAIM

The Plaintiff claims a trial by jury on all issues set forth herein.

Respectfully submitted,
Peter St. Laurent,
By His Attorney

Seth J. Elin, BBO# 636099
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Dated: May 20, 2004

**A True Copy By Photostatic Process
Attest:**

Asst. Clerk of Courts

7

COMMONWEALTH OF MASSACHUSETTS

BRISTOL SS

SUPERIOR COURT
CIVIL ACTION NO. COH- 0352

```
                              )
Peter St. Laurent,            )
        Plaintiff,            )
                              )
v.                            )
                              )
United Parcel Service,        )
        Defendant.            )
                              )
```

## STATEMENT OF DAMAGES

The Plaintiff, Peter St. Laurent, was wrongfully denied the ability to return to work for approximately 21 months based on his disability and was discriminated against when the Employer refused to provide a reasonable accommodation that would allow Mr. St. Laurent to return to work. The Plaintiff brings this action against United Parcel Service for lost wages, with pain and suffering. Mr. St. Laurent has suffered extensive damages in lost wages and suffered depression and anguish. The Plaintiff's lost wages damages likely exceeds $25,000.00.

WHEREFORE, the Plaintiff states that his damages are likely to exceed $25,000.00.

Respectfully submitted,
Peter St. Laurent,
By His Attorney

Seth J. Elin, BBO# 636099
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Dated: May 20, 2004

| CIVIL ACTION COVER SHEET | docket no.(s) COA-0552 | Trial Court of Massachusetts Superior Court Department County: Bristol |
|---|---|---|

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Peter St. Laurent | United Parcel Service |

| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE | ATTORNEY (if known) |
|---|---|
| Seth J. Elin, Esq.<br>Keches & Mallen, P.C., 122 Dean St, Taunton, MA<br>Board of Bar Overseers number:                                        02780 | Hugh Murry, Esquire<br>Murtha Cullina, LLP<br>Citiplace I-185 Asylum Street, Hartford, CT 06 |

### Origin code and track designation

Place an x in one box only:

- [ ] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct.C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s.97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

BRISTOL, SS SUPERIOR COURT
FILED

MAR 2 1 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | Employment Discrimination | ( F ) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
   1. Total hospital expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   2. Total Doctor expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   3. Total chiropractic expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   4. Total physical therapy expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
   5. Total other expenses (describe) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
                                                                              Subtotal $. . . . . . . . . . .
B. Documented lost wages and compensation to date . . . . . . . . . . . . . . . . . . . . . $.50,000.+. . . .
C. Documented property damages to date . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
D. Reasonably anticipated future medical and hospital expenses . . . . . . . . . . . . . . $. . . . . . . . . . .
E. Reasonably anticipated lost wages . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . $. . . . . . . . . . .
F. Other documented items of damages (describe)

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)           $. . . . . . . . . . .

   The Defendant refused to accomodate the Plaintiff and wrongfully
   prevented him from returning to his job.
                                                                              $. . . . . . . . . . .
                                                      **TOTAL $..50,000.+...**

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                                      **TOTAL $. . . . . . . . . . . .**

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____   DATE: 5/20/04

AOTC-6 mtc005-11/99
A O.S.C. 1-2000

# KECHES & MALLEN, P.C.

### ATTORNEYS AT LAW

122 Dean Street
Taunton, MA 02780
(508) 822-2000
Fax (508) 822-8022

| | |
|---|---|
| George N. Keches | Kathy Jo Cook |
| Richard T. Mallen | Claudine A. Cloutier* |
| Joseph F. Agnelli, Jr. | Karen S. Hambleton |
| Brian C. Cloherty | Seth J. Elin |
| Brian C. Dever | Matthew F. King |
| Judith B. Gray** | Steven M. Buckley |
| Paul S. Danahy | Ernest J. Palazzolo, Jr. |
| Charlotte E. Glinka | Mark D. Warcup |

*Of Counsel*
Ann Marie Maguire

Gregg J. Pasquale
Melissa A. White

*Admitted in Massachusetts and Rhode Island
**Admitted in Massachusetts, Rhode Island and Connecticut

**DIRECT ALL CORRESPONDENCE TO
THE TAUNTON OFFICE**

**BOSTON OFFICE**
141 Tremont Street, 6th Floor
Boston, MA 02111
(617) 426-7900

**FALL RIVER OFFICE**
321 North Main Street
Fall River, MA 02721
(508) 676-7900

**WORCESTER OFFICE**
41 Elm Street
Worcester, MA 01609
(508) 798-7900

**NEW BEDFORD OFFICE**
285 Union Street
New Bedford, MA 02740
(508) 994-7900

May 20, 2004

```
BRISTOL, SS SUPERIOR COURT
           FILED

         MAR 2 1 2004

MARC J. SANTOS, ESQ.
  CLERK/MAGISTRATE
```

Office of the Civil Clerk
Bristol Superior Court
9 Court Street
Taunton, Massachusetts 02780

Re:   St. Laurent v. United Parcel Service

Dear Civil Clerk:

Enclosed please find the following:

1.    Complaint and Jury Claim

2.    Statement of Damages

3.    Civil Action Cover Sheet; and

4.    Check in the amount of $275.00 to cover the filing fee.

Thank you for your attention to this matter.

Very truly yours,

KECHES & MALLEN, P.C.

Seth J. Elin

cc: Peter St. Laurent

#3

## COMMONWEALTH OF MASSACHUSETTS

BRISTOL SS

SUPERIOR COURT
CIVIL ACTION NO. C04 - 0552

```
                                    )
Peter St. Laurent                   )
          Plaintiff                 )
                                    )
v.                                  )
                                    )
                                    )
UNITED PARCEL SERVICE, INC.         )
          Defendant                 )
                                    )
```

BRISTOL, SS SUPERIOR COURT
FILED

SEP 1 3 2004

MARC J. SANTOS, ESQ.
CLERK/MAGISTRATE

## NOTICE FILING OF PETITION FOR REMOVAL

Please take notice that on September 8, 2004, the defendant United Parcel Service

Inc. ("UPS") filed in the United States District Court for the District of Massachusetts, a

petition for removal of the above action pursuant to U.S.C. § 1441(b) and 1446(b).

Attached as Exhibit A is a copy of the Petition for Removal. Accordingly, pursuant to 28

U.S.C. § 1446, this action has been removed and the Superior Court may proceed no

further unless and until the case is remanded.

United Parcel Service Inc.
By its attorneys

Hugh F. Murray, III, BBO# 557175
Laurie Alexander-Krom, BBO# 637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

Date: September 9, 2004

**A True Copy By Photostatic Process
Attest:**

Asst. Clerk of Courts

Exhibit A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

## 04 - 11951 NG



)
Peter St. Laurent )
          Plaintiff )
)
v. )
)
)
UNITED PARCEL SERVICE, INC. )
          Defendant )
_____)

I HEREBY ATTEST AND CERTIFY ON 9/8/04
THAT THE FOREGOING DOCUMENT IS A FULL, TRUE
AND CORRECT COPY OF THE ORIGINAL ON FILE
IN MY OFFICE AND IN MY LEGAL CUSTODY

CLERK, U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BY: _____

## PETITION FOR REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, defendant United Parcel Service Inc. ("UPS") hereby removes to this Court the above action pending in the Superior Court Department of the Trial Court, Bristol County, Massachusetts (the "Action"). UPS removes this Action by special appearance without waiving any defenses or objections.

Removal of this Action is proper for the following reasons:

1.      On or about May 20, 2004, Peter St. Laurent commenced this Action against UPS in Massachusetts Superior Court in Bristol County Massachusetts. True and accurate copies of the Summons and the Complaint are filed with this Petition in accordance with 28 U.S.C. §1446 (a) and are attached as Exhibit A.

2.      Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this Action because the matter in controversy, on information and belief, exceeds the sum or value of $75,000.00 and is between citizens of different states. The damages claimed by the Plaintiff include lost wages, emotional distress and punitive damages, along with attorneys' fees and costs.   The Plaintiff resides in North Attleboro Massachusetts and UPS is a corporation duly organized and existing under the laws of

the state of New York. UPS' principle place of business is not in Massachusetts. No other defendants have been named in the Plaintiff's Complaint.

3.      This Petition for Removal is filed with this Court on a timely basis as required by 28 U.S.C. § 1446(b), as it is brought within thirty (30) days of the Plaintiff's service of the Complaint upon UPS.

4.      Pursuant to 28 U.S.C. § 1446(d), UPS will promptly serve this Petition for Removal upon the Plaintiff and will file the Notice of this Petition for Removal with the Bristol County Superior Court in Massachusetts on a timely basis.

WHEREFORE, UPS respectfully requests that this Action be removed to this Court from the Superior Court of the Commonwealth of Massachusetts for the County of Bristol.

United Parcel Service Inc.
By its attorneys

Hugh F. Murray, III, BBO# 557175
Laurie Alexander-Krom, BBO# 637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000

Certificate of Service
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail by hand.
Date: 9/8/04

Date: September 8, 2004

# COMMONWEALTH OF MASSACHUSETTS

Form #42

BRISTOL, ss.

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION

No.

[SEAL]
## RECEIVED

AUG 1 1 2004 Peter St. Laurent

UPS CORPORATE LEGAL
ATLANTA, GA 30328

———————————————, Plaintiff(s)

v.

United Parcel Service

———————————————, Defendant(s)

(TO PLAINTIFF'S ATTORNEY:
    PLEASE INDICATE TYPE OF ACTION INVOLVED: —
    TORT — MOTOR VEHICLE TORT — CONTRACT —
    EQUITABLE RELIEF — OTHER.)

### SUMMONS

To THE ABOVE-NAMED DEFENDANT:

You are hereby summoned and required to serve upon Seth J. Elin, Esquire

plaintiff's attorney, whose address is 122 Dean Street, Taunton, MA 02780, an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at Taunton either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ROBERT L. STEADMAN, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the ninth day of August, in the year of our Lord ~~one thousand nine hundred and~~ two thousand and four.

Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
3. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

JSC 24

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

| CIVIL ACTION COVER SHEET | DK    T NO.(S) | al Court of Massachusetts Superior Court Department County: Bristol |
|---|---|---|

**PLAINTIFF(S)**
Peter St. Laurent

**DEFENDANT(S)**
United Parcel Service

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Seth J. Elin, Esq.
Keches & Mallen, P.C., 122 Dean St, Taunton, MA
Board of Bar Overseers number:                    02780

**ATTORNEY (if known)**
Hugh Murry, Esquire
Murtha Cullina, LLP
Citiplace I-185 Asylum Street, Hartford, CT

### Origin code and track designation

Place an x in one box only:

- [x] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)

- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify)    TRACK | IS THIS A JURY CASE? |
|---|---|---|
| B22 | Employment Discrimination (F) | ( X ) Yes    ( ) No |

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ....................................................
2. Total Doctor expenses ................................................. $..........
3. Total chiropractic expenses .......................................... $..........
4. Total physical therapy expenses ..................................... $..........
5. Total other expenses (describe) ..................................... $..........
                                                                Subtotal $..........

B. Documented lost wages and compensation to date ....................... $.50,000.+..
C. Documented property damages to date ................................ $..........
D. Reasonably anticipated future medical and hospital expenses ......... $..........
E. Reasonably anticipated lost wages .................................. $..........
F. Other documented items of damages (describe) ....................... $..........

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)    $..........
   The Defendant refused to accomodate the Plaintiff and wrongfully
   prevented him from returning to his job.

                                                        $..........
                                        TOTAL $..50,000.+..

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

                                        TOTAL $..........

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record _____    DATE: 5/20/0

AOTC-6 mlc005-11/99
A.O.S.C. 1-2000

RECEIVED

AUG 1 1 2004

UPS CORPORATE LEGAL
ATLANTA, GA 30328 COMMONWEALTH OF MASSACHUSETTS

BRISTOL SS                                          SUPERIOR COURT
                                                    CIVIL ACTION NO.

| | |
|---|---|
| Peter St. Laurent, | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| United Parcel Service, | ) |
| Defendant. | ) |

## COMPLAINT

### PARTIES

1.  The Plaintiff, Peter St. Laurent ("St. Laurent"), is an individual residing at 164 Elm Street, North Allteboro, Massachusetts 02760, Bristol County.

2.  The Defendant, United Parcel Service ("UPS"), is a national Corporation which operates a package distribution center located at 1045 University Avenue, Norwood, Massachusetts.

### FACTS

3.  Mr. St. Laurent is 55 years old, has a high school degree, and is married with four children.

4.  Mr. St. Laurent began working at UPS in approximately 1974 as a package delivery man, also known as a driver.

5.  UPS is a multi-million dollar international company with thousands of employees in the United States.

6.  Mr. St. Laurent's job as a driver requires him to deliver packages that range from the size

1

and weight of an envelope to over 100 pounds.

7.  Mr. St. Laurent is not required to lift anything that weighs greater then seventy pounds.

8.  Mr. St. Laurent was required to make numerous stops during the day to pick-up and deliver packages.

9.  Most stops did not require Mr. St. Laurent to lift heavy weights.

10. The stops that usually had multiple packages for pick-up would have loading bays to make pick-ups easier.

11. If Mr. St. Laurent is delivering a heavy package, carts are available to help Mr. St. Laurent transport the packages.

12. The trucks Mr. St. Laurent uses are built in such a way that it is easy to get in and out of the truck, and easy to get packages out of the truck.

13. Mr. St. Laurent did not repetitively lift packages, as he was typically required to lift a small number of packages at most sites, for a short period, and then would drive to the next site.

14. On November 13, 2000, Mr. St. Laurent suffered a work-related back injury when he leaned over to pick up his keys and strained his back. Mr. St. Laurent returned to work on approximately December 11, 2000 after this injury. At no time did UPS require Mr. St. Laurent to be examined by a company doctor prior to this return.

15. Mr. St. Laurent continued to work until January of 2001, at which time he aggravated his back and left work.

16. Mr. St. Laurent received workers' compensation benefits during this period from Liberty Mutual Insurance Company, UPS' workers' compensation insurance carrier.

2

17.    On March 26, 2001, Mr. St. Laurent returned to work. Again, he was never required to be examined by a UPS doctor before his return.

18.    Mr. St. Laurent was only able to work a few days before leaving work again due to back pain. Mr. St. Laurent left work on March 26, 2001 due to his work-related back injury and again received workers' compensation benefits.

19.    On May 22, 2001, UPS' workers' compensation insurance carrier hired Dr. Isadore G. Yablon to examine Mr. St. Laurent.

20.    Dr. Yablon is regularly hired by Liberty Mutual Insurance Company, and many other insurance companies to perform medical examinations for insurance companies engaged in workers' compensation litigation.

21.    Dr. Yablon examined Mr. St. Laurent for approximately five minutes and concluded that Mr. St. Laurent could work with a 25 pounds lifting restriction. Mr. St. Laurent was never asked to lift anything, and no physical examination took place.

22.    Mr. St. Laurent told Mr. Yablon during this examination that his back felt fine.

23.    After Mr. St. Laurent's back strain fully healed, on approximately May 25, 2001, Mr. St. Laurent was released to return to work by his treating doctor, without any restrictions.

24.    Mr. St. Laurent provided his supervisor at UPS a disability note which cleared him to return to work full duty on May 29, 2001.

25.    UPS refused to let Mr. St. Laurent return to work. Instead, it insisted that Mr. St. Laurent be seen by another doctor.

26.    UPS allowed numerous employee to return to work in the past by simply accepting a note from their treating doctor. Many times UPS never asked that a second note be obtained

3

by a UPS doctor.

27    On July 30, 2000, a list of three doctors was provided to Mr. St. Laurent to choose a doctor to examine him.

28.    Mr. St. Laurent chose a doctor on that list, but was instructed that he could not bee seen by that doctor and instead had to see one of the other two.

29.    Mr. St. Laurent inquired as to why he could not see the doctor he chose, but no response was given.

30.    As such, Mr. St. Laurent insisted that he be given a new set of three doctors by UPS.

31.    On September 12, 2001, Mr. St. Laurent was given a new list of doctors and he selected Dr. Nason Burden.

32.    Mr. St. Laurent was examined by Dr. Burden on October 12, 2001.  Liberty Mutual Insurance Company paid for this doctor's examination and Dr. Burden's report was mailed directly to Liberty Mutual.

33.    Dr. Burden did not ask Mr. St. Laurent to lift any weights or perform any functional capacity testing.

34.    After this examination, Dr. Burden noted in his report that Mr. St. Laurent has a "very mild" spinal stenosis, a "minimal" amount of degenerative disc disease, no scar tissue, no pain into his legs, and he "feels good."

35.    After his physical examination, Dr. Burden wrote that Mr. St. Laurent has a "normal range of motion and no objective evidence of any significant lumbo-sacral pathology."

36.    Dr. Burden opined that Mr. St. Laurent could work, but "a better effective work effort

4

would be expected if he had some restrictions on lifting heavy weights, particularly in a repeated manner or such as is exerted on the lower back with torque twisting function when loaded."

37.  On November 9, 2001, Dr. Burden authored an addendum clarifying his opinion in his October 18, 2001 report. In this report, Dr. Burden specifically opined that Mr. St. Laurent could return to work at UPS as a driver "if consideration were given to his degree of repetition of lifting on the job requirement description of seventy pounds and the occasional lifting and moving up to one hundred fifty pounds."

38.  Despite receiving this report, UPS refused to let Mr. St. Laurent return to work, and refused to engage in any type of discussion regarding what accommodation could be made to allow Mr. St. Laurent to return to work.

39.  On November 27, 2001, Mr. St. Laurent filed a charge with the Massachusetts Commission Against Discrimination alleging that UPS was preventing him from working due to his disability, and UPS failed to provide any accommodation allowing Mr. St. Laurent to work.

40.  After eight months of litigation, on July 26, 2002, Mr. St. Laurent again went to UPS with another disability note from his treating doctor re-affirming his ability to return to work without any restrictions.

41.  Mr. St. Laurent's medical condition did not changed in any way since his release to return to work full duty in May of 2001.

42.  Again, UPS refused to allow Mr. St. Laurent return to work and instead scheduled an appointment with a doctor of its choice, Dr. Robert Naparstek.

5

43. Mr. St. Laurent was examined by Dr. Naperstek on September 11, 2002. Dr. Naperstek advised that Mr. St. Laurent will need to undergo a functional capacity evaluation which will actually test his ability to lift weight.

44. Finally, Mr. St. Laurent was given the opportunity to prove he could lift the weight required for his job. However, Dr. Naperstek wanted Mr. St. Laurent to take one month to work out in a gym in preparation for the examination, as he had not engaged in any physical activity of almost one and a half years.

45. Mr. St. Laurent returned to Dr. Naperstek on October 9, 2002 and undertook a functional capacity examination which he passed with ease.

46. Mr. St. Laurent was able to lift 70 pounds on his own, up to 150 pounds with the assistance of another and up to 250 pounds with a pallet jack.

47. Finally, UPS allowed Mr. St. Laurent to return to work in October of 2002 and he has worked since without any difficulties.

48. Mr. St. Laurent satisfied all conditions precedent to the bringing of this cause of action.

## COUNT I -- DISABILITY DISCRIMINATION AGAINST UPS
## VIOLATION OF MASS. GEN. L. CH. 151B

49. The Plaintiff repeats and reavers the allegations contained in Paragraphs 1 through 48 above.

50. Mr. St. Laurent was wrongfully denied the ability to return to work based on his disability, or perceived as disability.

51. Mr. St. Laurent was discriminated against when the Employer refused to provide a reasonable accommodation, that would have allowed Mr. St. Laurent to return to work.

6

WHEREFORE, the Plaintiff, Peter St. Laurent, demands judgement against the Defendant UPS in the amount of his damages with interest, plus costs, and statutory reasonable attorney's fees.

## JURY CLAIM

The Plaintiff claims a trial by jury on all issues set forth herein.

Respectfully submitted,
Peter St. Laurent,
By his Attorney

Seth J. Elin, BBO# 636099
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Dated: May 20, 2004

7

COMMONWEALTH OF MASSACHUSETTS

BRISTOL SS
SUPERIOR COURT
CIVIL ACTION NO.

Peter St. Laurent,              )
        Plaintiff,              )
                                )
v.                              )
                                )
United Parcel Service,          )
        Defendant.              )

## STATEMENT OF DAMAGES

The Plaintiff, Peter St. Laurent, was wrongfully denied the ability to return to work for approximately 21 months based on his disability and was discriminated against when the Employer refused to provide a reasonable accommodation that would allow Mr. St. Laurent to return to work. The Plaintiff brings this action against United Parcel Service for lost wages, with pain and suffering. Mr. St. Laurent has suffered extensive damages in lost wages and suffered depression and anguish. The Plaintiff's lost wages damages likely exceeds $25,000.00.

WHEREFORE, the Plaintiff states that his damages are likely to exceed $25,000.00.

Respectfully submitted,
Peter St. Laurent,
By His Attorney

Seth J. Elin, BBO# 636060
KECHES & MALLEN, P.C.
122 Dean Street
Taunton, MA 02780
(508) 822-2000

Dated: May 20, 2004

# MURTHA CULLINA LLP

ATTORNEYS AT LAW

99 HIGH STREET
BOSTON, MASSACHUSETTS 02110-2320

TELEPHONE (617) 457-4000
FACSIMILE (617) 482-3868
www.murthalaw.com

BRISTOL, SS SUPERIOR COURT

Sept 13    2004

CLERK/MAGISTRATE

September 9, 2004

Taunton Superior Court
9 Court Street
Taunton, MA 02780

Re:     ***Peter St. Laurent* v. *United Parcel Services, Inc.***
        ***Superior No. 2004-00552***

Dear Sir or Madam:

Enclosed please find for filing in the above-referenced case:

1.      Notice Filing of Petition for Removal

2.      Copy of the Petition for Removal containing the Seal and
        Civil Action No. of the U.S. District Court Case.

Please contact me if you have any questions or require additional information.

Very truly yours,

Laurie Alexander-Krom

LAK:ran
Enclosures

cc:     Seth J. Elin, Esq.
        Hugh F. Murray, III, Esq.

BOSTON     HARTFORD     NEW HAVEN

Form #42

# COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.

[SEAL]

SUPERIOR COURT DEPT. OF THE TRIAL COURT

CIVIL ACTION
No. C04-0552

Peter St. Laurent
_____, Plaintiff(s)

v.

United Parcel Service
_____, Defendant(s)

AUG 19 2004

(TO PLAINTIFF'S ATTORNEY:
  PLEASE INDICATE TYPE OF ACTION INVOLVED: —
  TORT — MOTOR VEHICLE TORT — CONTRACT —
  EQUITABLE RELIEF — OTHER.)

### SUMMONS

To the Above-Named Defendant:

You are hereby summoned and required to serve upon Seth J. Elin, Esquire

plaintiff's attorney, whose address is .....122.Dean.Street,.Taunton,.MA.02780......; an answer to the complaint which is herewith served upon you, within (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this Court at ...Taunton....... either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

Witness, ROBERT L. STEADMAN, Adm. Justice of the Superior Court Dept. of the Trial Court, at Taunton, the.....ninth.......................day of......August..............., in the year of our Lord ~~one thousand nine hundred and~~..two..thousand..and..four.

_Marj Saule_, Esq.
Magistrate

NOTICE TO DEFENDANT — You need not appear personally in Court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

**NOTES.**

1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.
8. If the Commonwealth or an officer of agency thereof is a defendant, the time to be inserted is 60 days.

?SC 24

A True Copy By Photostatic Process
Attest:

_____
Asst. Clerk of Courts