UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Peter St. Laurent )
    Plaintiff )
)
v. )    Civil Action No. 04-11951-NG
)
)
UNITED PARCEL SERVICE, INC. )
    Defendant )

**MEMORANDUM IN SUPPORT OF
UNITED PARCEL SERVICE INC.'S
MOTION FOR SUMMARY JUDGMENT**

**INTRODUCTION**

Peter St. Laurent works for United Parcel Service Inc. ("UPS") as a Package Car Driver. Mr. St. Laurent was unable to perform his job from May, 2001 until October 2002. Mr. St. Laurent alleges that UPS discriminated against him because of a disability in violation of Massachusetts law. However, it is undisputed that during this period Mr. St. Laurent was unable to perform the essential functions of his job, and that there was no reasonable accommodation that would allow him to perform the essential functions of his job. Judgment, therefore, should be granted to UPS.

**I.   APPLICABLE FACTS**

The following facts are taken from the testimony of Mr. St. Laurent at his deposition, from exhibits from that deposition, and from the Affidavit of Neal Rossi. The transcript of the first day of Mr. St, Laurent's deposition is at Tab A to UPS' Record Materials in Support of its Motion for Summary Judgment and the transcript of the second day is at Tab B.[1] As required

---

[1] Unless otherwise indicated, all cited exhibits are attached as Tabs A – H to "UPS' Record Material in Support of its Motion for Summary Judgment."

under Rule 56 of the Federal Rules of Civil Procedure, the facts set forth below are either undisputed or, if there is a dispute, are stated in the light most favorable to Mr. St. Laurent.

Peter St. Laurent has worked as a package car driver for UPS for over 25 years. (Deposition of Peter St. Laurent, ("St. Laurent Depo."), Vol. 1, Tr. 6). Package Car Drivers at UPS are represented by the Teamsters Union. (See Affidavit of Neal Rossi, ¶ 2). UPS and the Teamsters have entered into a collective bargaining agreement (the "Collective Bargaining Agreement") that governs the terms of employment for package car drivers like Mr. St. Laurent. (See Affidavit of Neal Rossi, ¶ 2; relevant portions of the Collective Bargaining Agreement are attached as Exhibit A to Affidavit of Neil Rossi).

A Package Car Driver must be able to "deliver and pick up packages at a constant pace during a full work shift." (See document entitled "Essential Job Functions of Package Car Driver" attached as Exhibit B to Neal Rossi Affidavit). The driver must be able to "lift/lower, push, pull and carry up to 70 pounds." Id. The essential functions of the Package Car Driver position also include the need to "to bend, stoop, crouch, climb, stand, sit, walk and turn/pivot for up to 9.5 hours per day, 5 days per week." Id. Accordingly, Mr. St. Laurent described the job of a Package Car Driver during his deposition as involving repeated lifting and carrying of packages varying in weight up to 70 pounds for a single driver and 150 pounds with assistance. (St. Laurent Depo., Vol. 1, Tr. 7-14). During a single work day, Mr. St. Laurent makes 95 to 110 deliveries and 28 pick-ups (St. Laurent Depo., Vol. 1, Tr. 8). Mr. St. Laurent testified that on average he delivers 230 to 250 packages per day. (St. Laurent Depo., Vol. 1, Tr. 12). In addition, his job involves carrying packages off his truck and up stairs. (St. Laurent Depo., Vol. 1, Tr. 14-17). The description contained in the Essential Job Functions of a Package Car Driver

is consistent with Mr. St. Laurent's own description of what was expected from a Package Car Driver on any given day. (St. Laurent Depo., Vol. 1, Tr. 26).

In November 2000, Mr. St. Laurent suffered a back injury. (St. Laurent Depo., Vol. 1, Tr. 19). A few weeks later, in early January, 2001, Mr. St. Laurent had a recurrence of his back injury and his physician, Dr. Paul Greiner, placed him out of work. (St. Laurent Depo., Vol. 1, Tr. 20). After Mr. St. Laurent returned to work for a short period, he again experienced back pain on or about March 26, 2001 and was again placed out of work. (St. Laurent Depo., Vol. 1, Tr. 20). According to Mr. St. Laurent, at that time "my back was so that I couldn't perform my duties." (St. Laurent Depo., Vol. 1, Tr. 20). At this point, Mr. St. Laurent was no longer able to perform his job as a Package Car Driver. (St. Laurent Depo., Vol. 1 Tr. 21).

In May, 2001, Mr. St. Laurent returned to work with a physician's note clearing him for work. (St. Laurent Depo., Vol. 1, Tr. 23-24). UPS exercised its right under the Collective Bargaining Agreement and sent Mr. St. Laurent to a different physician, Dr. Isadore Yablon. (St. Laurent Depo., Vol. 1, Tr. 22-23; see also pp. 52-53 of the Collective Bargaining Agreement attached as Exhibit A, to Neal Rossi Affidavit). Dr. Yablon determined that Mr. St. Laurent could not lift more than 25 pounds and therefore could not perform the functions of a Package Car Driver. (St. Laurent Depo., Vol. 1, Tr. 21-24; see also Exhibit 1 to St. Laurent Depo., Medical Report from Dr. Isadore G. Yablon dated May 22, 2001, attached as Tab C).

Article 20, Section 3 of the Collective Bargaining Agreement provides a procedure for resolving disputes concerning whether an employee is capable of returning to work. (See p. 53 of the Collective Bargaining Agreement attached as Exhibit A to Neal Rossi Affidavit). The Collective Bargaining Agreement provides that the Union and the company are to agree on a third doctor whose decision "shall be final and binding on the Employer, the Union and the

employee." (See <u>Id</u>.) UPS, the Union and Mr. St. Laurent engaged in this process. (St. Laurent Depo., Vol. 1, Tr. 26-28; <u>see also</u> Exhibit 3 of St. Laurent Depo., letter dated September 12, 2001 from Robert Burke, attached as <u>Tab D</u>). Mr. St. Laurent ultimately chose Dr. Nason Burden. (St. Laurent Depo., Vol 1, Tr. 28).

On or about October 12, 2001, Dr. Burden examined Mr. St. Laurent and issued a report on October 18, 2001 that hinted that Mr. St. Laurent had permanent work restrictions, but did not give specifics. (See Exhibit 4 of St. Laurent Depo., Medical Report of Dr. Burden dated October 18, 2001, attached as <u>Tab E</u>). Instead Dr. Burden stated in this report that "It is the further opinion of this examiner that…a better effective work effort would be expected if he had some restriction on lifting heavy weights, particularly in a repeated manner or such as is exerted on the lower back with torque twisting function when loaded." (<u>Id</u>.) Mr. St. Laurent requested that Dr. Burden issue a second report. (See St. Laurent Depo, Vol. 1, Tr. 32). Dr. Burden issued an addendum to his report on or about November 9, 2001, in which he stated that Mr. St. Laurent could not perform all the functions of his job as a Package Car Driver. (<u>See</u> Exhibit 5 to St. Laurent Depo., Medical Report of Dr. Burden dated November 9, 2001, attached as <u>Tab F</u>).

In or around September 11, 2002, another physician, Dr. Naparstek, examined Mr. St. Laurent. (St. Laurent Depo., Vol. 1, Tr. 33-34). Dr. Naparstek opined in a letter dated September 11, 2002, that Mr. St. Laurent "was <u>not</u> fit for duty at that time." (<u>See</u> Exhibit 6 to St. Laurent Depo., Medical Report of Dr. Naparstek dated September 11, 2002, attached as <u>Tab G</u>, emphasis in the original). Dr. Naparstek suggested that Mr. St. Laurent pursue "an aggressive and supervised training program." (<u>See</u> <u>Id</u>.). Mr. St. Laurent did so. (St. Laurent Depo., Vol. 1, Tr. 35). Mr. St. Laurent returned to Dr. Naparstek the following month and Dr. Naparstek determined that Mr. St. Laurent could return to work full duty with no restrictions. (<u>See</u> Exhibit

4

7 to St. Laurent Depo., Medical Report of Dr. Naparstek dated October 9, 2002, attached as <u>Tab. H</u>). UPS returned him to work on October 14, 2002. (St. Laurent Depo., Vol. 1, Tr. 36-37).

## II.  LEGAL ARGUMENT

UPS is entitled to summary judgment because, during the period in question, Mr. St. Laurent was unable to perform the essential functions of his job, with or without an accommodation. Therefore, Mr. St. Laurent was not a qualified handicapped person as defined under Mass. Gen. L. ch. 151B, which is the sole cause of action being brought by Mr. St. Laurent.

### A.  **UPS is entitled to summary judgment because Mr. St. Laurent cannot set forth sufficient evidence that he was a "qualified handicapped person" as defined under Mass. Gen. L. ch. 151B.**

In order to prevail on his discrimination claim, Mr. St. Laurent must show that he was a "qualified handicapped person." <u>See</u> <u>Cox v. New England Telephone & Telegraph Co.</u>, 414 Mass. 375, 380 (1993). A "qualified handicapped person" is one who is able to perform the essential functions of the job, or who would be capable of doing so if reasonable accommodations were made for his handicap. <u>Id.</u>

From May 2001 until October 2002, Mr. St. Laurent could not engage in repetitive lifting or the lifting of twenty five or more pounds. Accordingly, he was unable to perform the essential functions of his Package Car Driver Job. It is undisputed that the essential functions of a Package Car Driver include the constant lifting and carrying of packages that vary in number and weight, all the way up to 70 pounds. (See <u>Exhibit B</u> to Neal Rossi Affidavit, <u>see</u> also St. Laurent Depo., Vol. 1, Tr. 26). Mass Gen. Laws chapter 151B does not require an employer to eliminate essential functions of a job. <u>Cox v. New England Tel. & Tel.</u>, 414 Mass. 375, 390 (1993) (the law does not require an employer to waive or excuse "an inability to perform an essential job

function."); Hayward v. Massachusetts Water Resources Authority, 2001 Mass. Super. LEXIS 231 (court held that an employer's duty of reasonable accommodation does not require the employer to create a new position with only a subset of the essential duties of the previous position). Therefore, because Mr. St. Laurent could not perform the essential functions of his job, he was not a qualified handicapped individual as defined under Mass. Gen. L. ch. 151B.

**B.     UPS did not refuse Mr. St. Laurent a Reasonable Accommodation.**

Mr. St. Laurent claims UPS violated Mass. Gen. L. ch. 151B when it "refused to provide him a reasonable accommodation that would have allowed him to return to work." (See Plaintiff's Complaint, ¶ 51). There is no basis for this claim. Although Mr. St. Laurent alleges in his complaint that UPS "refused to engage in any type of discussion regarding what accommodation could be made to allow Mr. St. Laurent to return to work," Mr. St. Laurent never actual made a request for any type of accommodation. (See St. Laurent Depo., Vol. 2, Tr. 6; see also Plaintiff's Complaint, ¶38).

Regardless, there was no accommodation that could have been made that would have enabled him to perform the essential functions of his job as a package car driver. As stated above, UPS was not required to waive the essential functions of his job. In addition, UPS is not required under Mass. Gen. L. ch. 151B to reassign Mr. St. Laurent to a different position in order to accommodate his or her disability. See Russell v. Cooley Dickinson Hospital, 437 Mass. 443 (2002). Under Massachusetts law, an employer is only obligated to accommodate an employee with regard to the specific position the employee holds or is seeking to be hired. See Russell at 454 (summary judgment for the employer was affirmed where the plaintiff never indicated that she would be able to perform the essential functions of her former position with accommodation; instead she sought a different position in the hospital, an accommodation the hospital was under

no obligation to provide).    Accordingly, Mr. St. Laurent's failure to accommodate claims also fails as a matter of law.

## CONCLUSION

During the period May 2001 through October 2002, Peter St. Laurent was not a qualified handicapped individual as defined under Mass. Gen. L. ch. 151B. It is undisputed that during that period Mr. St. Laurent was unable to perform the essential functions of his job as a UPS Package Car Driver. In addition, UPS had no obligation under Mass. Gen. L. ch. 151B to reassign Mr. St. Laurent. Accordingly, UPS requests that the Court grant summary judgment in its favor.

United Parcel Service Inc.
By its attorneys,

_____
Hugh F. Murray, III, BBO# 557175
Laurie Alexander-Krom, BBO# 637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-451-9300

Certificate of Service
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 5/31/05

Date:  May 31, 2005