UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Peter St. Laurent,
    Complainant,

v.

United Parcel Service,
    Respondent.

CIVIL ACTION NO. 04-CV-11951-FDS

## PLAINTIFF'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF MATERIAL FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

1. Admitted.

2. Admitted.

3. Admitted

4. Admitted.

5. Denied. Mr. St. Laurent testified that the majority of his work day was spent lifting packages that weighed less then 70 pounds. (St. Laurent Dep., Vol. 2 at 18.) UPS failed to provide documents in the Plaintiff's request for production of documents identifying what percentage of packages UPS delivers weigh less than 70 pounds.

6. Admitted.

7. Denied. Mr. St. Laurent testified that packages were as light as an "envelope" and could be as heavy as seventy pounds for a single driver and 150 pounds with assistance. (St. Laurent Dep., Vol. 1 at 7.) The vast majority of Mr. St. Laurent's

1

        deliveries required lifting under seventy pounds, and assistance was available if he had to lift more than seventy pounds. Id.

8. Admitted.

9. Admitted.

10. Denied. At Deposition, Mr. St. Laurent testified that only the first two items listed on the Essential Job Function document were consistent with what was expected from a Package Car Driver. Mr. St. Laurent never stated that the entire description contained in the document was consistent with what was expected from a Package Car Driver on any given day. (See St. Laurent Dep., Vol. 1 at 26.)

11. Admitted.

12. Admitted.

13. Admitted.

14. Admitted.

15. Denied. At this point, Mr. St. Laurent temporarily could not perform his job as a Package Car Driver. (See St. Laurent Dep., Vol. 1 at 21.)

16. Admitted.

17. Denied. UPS did not properly exercise its right under the Collective Bargaining Agreement when it sent Mr. St. Laurent to Dr. Isadore Yablon on May 22, 2001. Mr. St. Laurent did not return to work with a return-to-work-slip until May 25, 2001. According to the Agreement, the "return to work examination" takes place "within three (3) working from the time the employee brings the return-to-work slip to the Employer."

("Attachment D," affidavit of Peter St. Laurent; See p. 53 of the Collective Bargaining Agreement, "Attachment O.") Also, Mr. St. Laurent was unsure of the proper procedure for return to work examinations. (See St. Laurent Dep., Vol. 1 at 23 - 24.) Additionally, Liberty Mutual sent Mr. St. Laurent to Dr. Yablon, UPS did not. (St. Laurent Dep., Vol. 1 at 21.)

18. Denied. Dr. Yablon restricted Mr. St. Laurent from lifting more than 25 pounds, but did not say that he could not perform the functions of a Package Driver. (St. Laurent Dep., Vol. 1 Ex. 1., see "Attachment B.")

19. Admitted.

20. Denied. It is unclear whether there was any union involvement at this point, and UPS acted unilaterally when it provided a list of three doctors and then after Mr. St. Laurent chose a doctor from that list, withdrew the list and provided a new list. (St. Laurent Dep., Vol. 1 at 27.) Further UPS regularly allowed employee's to return to work simply with a note from the Employee's treating doctor, or in some instances, no note at all. (See "Attachments E, F, G.") UPS gave no justification as to why it singled out Mr. St. Laurent for another examination. (See "Attachment D"; (St. Laurent Dep., Vol. 1 at 27.)

21. Admitted, but see response in 20.

22. Denied. Dr. Burden did not "hint" that Mr. St. Laurent had "permanent work restrictions." Dr. Burden opined that "a better effective work effort would be expected if he had some restrictions on lifting heavy weights. . . ." (St. Laurent

3

Dep., Vol. 1 Ex. 4, see "Attachment E.")

23. Admitted.

24. Denied. Dr. Burden never stated that Mr. St. Laurent could not perform all the functions of a package driver. Dr. Burden authored an addendum clarifying his opinion in his October 18, 2001 report stating that Mr. St. Laurent could return to work at UPS as a driver "if consideration were given to his degree of repetition of lifting on the job requirement description of seventy pounds and the occasional lifting and moving up to one hundred fifty pounds." (St. Laurent Dep., Vol. 1 Ex. 5, see "Attachment F.")

25. Admitted.

26. Admitted.

27. Admitted.

28. Admitted.

29. Admitted.

Respectfully submitted,

The plaintiff,
By his Attorneys,
KECHES & MALLEN, P.C.

_____
SETH J. ELIN
BBO # 636099
122 Dean Street
Taunton, MA 02780
(508) 822-2000

July 6, 2005

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by mail/hand on ___7/6/05___.

_____

4