UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                             )
Peter St. Laurent,           )
     Complainant,            )
                             )     CIVIL ACTION NO. 04-CV-11951-JGD
v.                           )
                             )
United Parcel Service,       )
     Respondent.             )
                             )
_____)
```

## **PLAINTIFF'S OPPOSITION TO UNITED PARCEL SERVICE INC.'S MOTION TO FILE A REPLY BRIEF**

Plaintiff opposes United Parcel Service Inc.'s ("UPS") Motion to file a Reply Brief to Plaintiff's Opposition to United Parcel Service Inc.'s Motion for Summary Judgment on several grounds.

First, UPS cites to "Local Rule 7.2(3)" for authority to file its Reply Brief.  The authority for additional pleadings is Local Rule 7.1(b)(3)which requires all additional papers, whether in the form of a Reply Brief or otherwise, be submitted only with leave of the court.  Accordingly, UPS's Reply Brief should be denied, as it was never allowed by the Court.

Second, contrary to the Defendant's assertion, the Plaintiff introduced material facts in genuine dispute. Specifically, as made clear from the Defendant's argument, the interpretation of Dr. Burden's written addendum regarding the Plaintiff's work capacity is a material fact in dispute, since both the Plaintiff

1

and Defendant disagree as to its conclusion.

In addition, the Defendant's assertion that the Plaintiff inaccurately quoted Dr. Burden's addendum is false. The quote is taken directly from the report. It would be unreasonable to quote Dr. Burden's entire addendum, as the Defendant implies the Plaintiff should do, as it is almost half a page long. (See Dr. Nason Burden's addendum dated November 9, 2001, "Attachment J" to the Plaintiff's Opposition to Summary Judgment.) Furthermore, the Plaintiff included Dr. Burden's entire addendum as "Attachment J" for the Court's review.

Furthermore, the Defendant directly quotes from Dr. Burden's addendum:

> "The job description describes [sic] average weight of twelve pounds which seems to be indicative of the patient's present capacity provided it wouldn't be that of repetitive nature as describe above."
>
> (See Dr. Nason Burden's addendum dated November 9, 2001, "Attachment J" to the Plaintiff's Opposition to Summary Judgment.)

The Plaintiff never received a job description describing an "average weight of twelve pounds" to which Dr. Burden refers, even though during Discovery the Plaintiff requested, all job descriptions of each position held by the Plaintiff, (See Plaintiff's Request for Production of Documents, Request No. 7; Attached as "Attachment A"), and all communications between UPS and its workers' compensation carrier, Liberty Mutual. (See Plaintiff's Request for Production of Documents, Request No. 8 and 11; Also Attached as "Attachment A".) Further, it is curious

2

UPS cites to this portion of Dr. Burden's quote because, if anything, it further supports Mr. St. Laurent's claim that the average lifting weight on the job was minimal, and Dr. Burden specifically opined that Peter St. Laurent can perform the essential functions of the job as identified in the job description. Clearly, the issue whether the Plaintiff could perform the essential job functions of a Package Car Driver is in dispute. The totality of the facts and circumstances surrounding a job should be considered to determine whether a job function is essential. See Cargill v. Harvard University, 60 Mass. App. Ct. 585, 595 (2004)(listing several factors to consider). This fully supports Mr. St. Laurent's claim and, if anything, is a material issue in dispute.

## CONCLUSION

The Defendant did not seek leave to file additional pleadings.  Furthermore, the Plaintiff successfully introduced genuine disputes of material facts.

                                    Respectfully Submitted,
                                    The Plaintiff,
                                    By his Attorneys,
                                    KECHES & MALLEN, P.C.

                                    s/Seth J. Elin
                                    SETH J. ELIN
                                    BBO # 636099
                                    122 Dean Street
                                    Taunton, MA 02780
                                    (508) 822-2000

    July 27, 2005

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO: 04-CV-11951-FDA

|  |  |
|---|---|
| Peter St. Laurent, <br> Plaintiff <br><br> v. <br><br> United Parcel Service, <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

### EMPLOYEE'S FIRST REQUEST FOR THE PRODUCTION OF DOCUMENTS

### DEFINITIONS

As used in this discovery request the following terms have the following meanings:

1. The term "document" as used herein is defined in the broadest possible sense and refers to any originals and copies of any letter, report, cash register tapes, expense disbursement logs, accident reports, correspondence, memorandum, telex, telegram, E-mails, facsimile, cable, agreement, contract, insurance application, insurance policy, receipts, canceled checks, checkbook, statement requesting payment, bond, ledger, journal, manual, diary, income statement, duplicating message pads, minutes, summary or record of telephone conversation, summary or record of personal conversation, summary or record of interview, summary or record of meetings, summary or record of conferences, bills, invoices, vouchers, books, pamphlet, periodicals, press releases, circulars, newspaper articles, advertisements, summary or report of investigation or negotiation, opinion or report of a consultant, report, record, study, handwritten note, working paper, chart paper,

6

## REQUESTS

1. All documents concerning the Employee's Complaint, including, but not limited to, all written statements from or drafted by any person concerning the subject matter of the Employee's Complaint and/or upon which the Defendant relies or may rely in this matter.

2. All documents identified in response to the Plaintiff's First Set of Interrogatories to the Defendant.

3. All documents that the Defendant intends to use at the hearing or trial on this matter, including, but not limited to, any affidavits or statements.

4. All reports or documents submitted by any witness or potential witness with respect to the issues raised in the Plaintiff's Complaint.

5. All documents concerning communications between the Plaintiff and any Defendant concerning the Employee's Complaint.

6. All instructions, communications, bulletins, notices, or other documents that relate to the requirements of, and compliance with, the Defendant's Equal Employment Opportunity Policy, or any other hiring practices or policies, provided by the Defendant to any employees, agents, or other persons or entities since January 1, 1999.

7. All documents relating to the job description of each position held by the Plaintiff, the job description of a truck driver, and the job description of a delivery person or package carrier.

8. A full copy of the Plaintiff's personnel file, and any additional file maintained with regards to the Plaintiff, including any medical file, workers' compensation file, or any other file containing documents relating to the Plaintiff.

9. All instructions, communications, bulletins, notices, or other documents that relate to any

written or verbal discipline, including warnings, issued to the Plaintiff.

10. All injury reports filled out by the Plaintiff, during his employment with the Defendant.

11. All documents concerning any workers' compensation claim, disability claim, or medical claim, filed by the Plaintiff during his employment, including but not limited to, written records, memoranda, email, computer generated reports, medical bills, and payments made for the same.

12. All instructions, communications, bulletins, notices, or other documents that identify any accommodations considered, made, or offered to be made, for the Plaintiff to allow him to return to work.

13. All instructions, communications, bulletins, notices, or other documents regarding any disability or suspected disability of the Plaintiff.

14. All instructions, communications, bulletins, notices, or other documents relating to the Defendant's request, made on or about July 30, 2000, that the Plaintiff be examined by a doctor.

15. All instructions, communications, bulletins, notices, or other documents relating to the <u>two</u> lists of doctors, created by the Defendant, which were given to the Plaintiff for the purpose of allowing the Plaintiff to select the examining doctor personally.

16. All instructions, communications, bulletins, notices, or other documents relating to the examination of the Plaintiff by Dr. Robert Naparstek on or about September 11, 2002.

17. All instructions, communications, bulletins, notices, or other documents relating to the Plaintiff's functional capacity evaluation on or about October 9, 2002.

18. All instructions, communications, bulletins, notices, or other documents relating to any job offers made to the Plaintiff by the Defendant.

19. All instructions, communications, bulletins, notices, or other documents relating to any selection of a medical panel required for any other UPS employee to return to work from

I, Seth J. Elin, hereby certify that a true copy of the above document was served upon the attorney(s) of record for each other party by ECF on July 27, 2005.

                                        s/ Seth J. Elin