UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Peter St. Laurent ) | |
| Plaintiff ) | |
| ) | |
| v. ) | Civil Action No. 04-11951-NG |
| ) | |
| UNITED PARCEL SERVICE, INC. ) | |
| Defendant ) | |

## UNITED PARCEL SERVICE INC.'S REPLY BRIEF TO PLAINTIFF'S OPPOSITION TO UNITED PARCEL SERVICE INC.'S MOTION FOR SUMMARY JUDGMENT

The Plaintiff's Opposition to United Parcel Service Inc.'s ("UPS") Motion for Summary Judgment fails to introduce any genuine dispute of material facts that UPS discriminated against him on the basis of his disability by UPS. Instead the Plaintiff cites to only a portion of Dr. Nason Burden's description of the Plaintiff's work restrictions, omitting the portion that indicates that the Plaintiff was restricted from lifting more than twelve pounds and was restricted from the repetitive lifting of any amount of weight. In addition, a reasonable jury could not believe the Plaintiff's argument that repetitive lifting of heavy weights is not an essential function of a UPS package car delivery driver.

### I. The Plaintiff's quote of Dr. Nason Burden's Addendum is incomplete.

In his opposition the Plaintiff argues that "Dr. Burden placed on him only the slightest restriction" and that "almost all" of the lifting element of his job could have been done within Dr. Burden's restriction. The Plaintiff cites to Dr. Burden's statement in the November 9, 2001 addendum that: "this worker would be an adequate performer if consideration were given to his degree of repetition of lifting on the job requirement

description of seventy pounds and the occasional lifting in moving up to one hundred fifty pounds." However, Dr. Burden also states in his addendum that:

> The job description describes average weight of twelve pounds which seems to be indicative of the patient's present capacity provided it wouldn't be that of repetitive nature as described above. It is further observed that torque loading of the back in twisting should be a consideration to be limited as much as possible.
>
> (See Medical Report of Dr. Burden dated November 9, 2001, attached as Tab F to UPS' Record Material In Support of its Motion for Summary Judgment).

The Plaintiff fails to include this portion of Dr. Burden's addendum in his argument. Here Dr. Burden indicates that the Plaintiff's present lifting capacity is about twelve pounds as long as it is not of a repetitive nature. Dr. Burden also indicates that twisting should be limited as much as possible. These restrictions are similar to the twenty five pound lifting restriction Dr. Yablon placed upon the Plaintiff in May 22, 2001. (See Medical Report from Dr. Isadore G. Yablon dated May 22, 2001 attached as Tab C to UPS' Record of Materials in Support of its Motion for Summary Judgment). The restrictions placed upon him by Dr. Yablon and by Dr. Burden prohibited the Plaintiff from performing the essential functions of a Package Car Driver. (See "Essential Job Functions of Package Car Driver" attached as Exhibit B to Neal Rossi Affidavit)("Must be able to deliver and pick up packages at a constant pace during a full work shift..." "lift/lower, push, pull and carry up to 70 pounds..." "to bend, stoop, crouch, climb, stand, sit, walk and turn/pivot for up to 9.5 hours per day, 5 days per week").

## II. The ability to lift packages weighing more than twelve pounds and the ability to perform repetitive lifting are essential functions of a UPS Package Car Driver.

The Plaintiff could not perform the essential functions of the job – specifically he could not lift packages weighing more than twelve pounds, nor could he engage in repetitive lifting. The constant lifting of packages of varying weight and sizes is the fundamental job duty of a UPS package delivery driver. See Phelps v. Optima Health Inc. and Catholic Medical Center, 251 F. 3d 21, 26 (1st Cir. 2001)(the ability to lift more than fifty pounds was an essential function of the clinical nurse position). The reason the package car driver job exists is to deliver packages of varying weights and sizes. See Cargill v. Harvard University, 60 Mass. App. Ct. 585, at 595 (2003)(the function may be essential because the reason the position exists is to perform that function).

The Plaintiff's argues that "a material fact in dispute is whether the ability to lift up to 70 pounds was an essential function of the job and how often." Because the Plaintiff was restricted to lifting twelve pounds or less, whether the ability to *lift up to 70 pounds* was an essential function of the job is not a material fact in dispute. Regardless, even if he "rarely lifts heavy weights on his own" and argues that "a small fraction of his job duties requires lifting up to seventy pounds without mechanical assistance..." lifting heavy weights is still an essential function of the job. See Cox v. New England Telephone and Telegraph Company, 414 Mass. 375, 380 (1993)(even though pole climbing by means of gaffs may rarely occur, court still found that it was an essential function of the job).

3

## CONCLUSION

The Plaintiff has failed to introduce any genuine dispute of material facts.

Accordingly, UPS requests that the Court grant summary judgment in its favor.

United Parcel Service Inc.
By its attorneys,

*/s/ Laurie Alexander-Krom*

Hugh F. Murray, III, BBO# 557175
Laurie Alexander-Krom, BBO# 637385
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-451-9300

Certificate of Service
I hereby certify that on this day a true copy of the above document was served upon the attorney of record for each party by mail/by hand.
Date: 7/13/05  /s/ LAK

Date: July 13, 2005

4